UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DORIS ROSARIO and LUIS ORTIZ,

    Plaintiffs,                    CASE NO.:

vs.

PETLAND ORLANDO SOUTH, INC. and ERIC DAVIES, Individually,

    Defendants.         /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs, DORIS ROSARIO ("ROSARIO") and LUIS ORTIZ ("ORTIZ"), (collectively as "Plaintiffs"), were employees of Defendants, PETLAND ORLANDO SOUTH, INC. ("PETLAND") and ERIC DAVIES ("DAVIES") (collectively as "Defendants"), and bring this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiffs brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and

1

oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief and reasonable attorney's fees and costs.

7. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA.

8. At all times material hereto, Plaintiffs were residents of Orange County, Florida.

9. Defendant, PETLAND, conducts business in, among others, Orange County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

10. Defendant, PETLAND, a Florida Profit Corporation, is in the business of operating pet store located at 3920 S. Semoran Boulevard., Orlando, Florida 32822.

11. At all times relevant to this action, Davies was an individual resident of the State of Florida, who owned and/or operated PETLAND, and who regularly exercised the authority to: (a) hire and fire employees of

PETLAND; (b) determine the work and pay schedules for the employees of PETLAND; (c) control the finances and operations of PETLAND.

12. The Plaintiffs in this action were employed by Defendants in the Kennel department, earning an hourly rate in exchange for the work performed.

## COVERAGE

13. At all material times during the last three years, PETLAND was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

14. At all material times during the last three years, PETLAND was an employer as defined by 29 U.S.C. § 203(d).

15. At all material times, PETLAND has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times material, PETLAND has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. pet supplies, computers, facsimile machines, and/or office supplies).

17. Therefore, PETLAND is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

18. Defendant, PETLAND, is a company classified as a full service pet store.

19. Defendant, PETLAND, was an "employer" of Plaintiffs within the meaning of the FLSA.

20. Defendant, DAVIES, was an "employer" of Plaintiffs within the meaning of the FLSA.

21. Plaintiffs were employees of Defendants within the meaning of the FLSA.

22. Plaintiffs performed kennel related duties for Defendants.

23. Plaintiff, ROSARIO, worked in this capacity from approximately April 2017 through February 2021.

24. Plaintiff, ORTIZ, worked in this capacity from approximately September 2019 through May 2020.

25. Plaintiffs earned an hourly rate in exchange for the work performed for Defendants.

26. Plaintiffs routinely worked in excess of forty (40) hours per week as part of their regular job duties.

27. Despite working more than forty (40) hours per week during one or more work weeks, Defendants failed to pay Plaintiffs overtime compensation at a rate of time and one-half times their regular rate of pay for hours worked over forty (40) in a workweek.

28. For example, Plaintiffs continued to care for puppies susceptible to hypoglycemia outside of the PETLAND location and business hours.

29. Plaintiffs were not compensated for the hours spent providing additional care to these puppies.

30. Defendants had knowledge that Plaintiffs provided the additional care to these puppies outside of the PETLAND location and business hours.

31. Defendants acknowledged that the additional hours worked by Plaintiffs while caring for the puppies outside of the PETLAND location and business hours resulted in a decrease in veterinary bills incurred by Defendants.

32. Defendants refused to compensate Plaintiffs for the hours spent caring for the puppies outside of the PETLAND location and business hours.

33. As a result, Plaintiffs were not paid proper overtime compensation contrary to § 207(a) of the FLSA.

34. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiffs.

35. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

36. Defendants acted willfully in failing to pay Plaintiffs in accordance with the law.

37. Defendants failed to maintain proper time records as mandated by law.

38. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

39. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-38 above.

40. Plaintiffs were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

41. During the relevant time period (last three years) during their employment with Defendants, Plaintiffs worked overtime hours, but were not paid time and one-half compensation for same during one or more workweeks.

42. Defendants had knowledge of the overtime hours worked by Plaintiffs.

43. Defendants are aware of laws which required employees to be paid at time and one half their regular rate of pay for hours worked over forty (40) within a workweek.

44. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

45. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

46. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants;

    a. Awarding Plaintiffs overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per workweek as allowable under the FLSA statute of limitations period;

    b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment

interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: April 22, 2021　　　　　　　　Respectfully submitted by,

_____
Kimberly De Arcangelis, Esq.
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email:　　kimd@forthepeople.com
Trial Attorneys for Plaintiffs