# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DORIS ROSARIO and LUIS ORTIZ,

        Plaintiffs,

v.                                          **Case No: 6:21-cv-713-RBD-LRH**

PETLAND ORLANDO SOUTH, INC. and
ERIC DAVIES,

        Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 14)** |
| **FILED:** | **July 6, 2021** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

## I.    BACKGROUND.

On April 22, 2021, Plaintiffs Doris Rosario and Luis Ortiz filed this action against Defendants Petland Orlando South, Inc. and Eric Davies. Doc. No. 1. The complaint contains only one count: recovery of overtime compensation Defendants allegedly failed to pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. *Id.* at 7–9.

On June 17, 2021, before Defendants responded to the complaint, the parties filed a Joint Stipulation of Dismissal with Prejudice, stating that they had resolved the case by agreement wherein Plaintiffs would receive full relief on their FLSA overtime claims.   Doc. No. 12.   The Court entered an Order striking that Joint Stipulation, however, because the parties did not provide a copy of their settlement agreement to the Court, and thus, the Court could not evaluate whether the settlement was a "compromise" within the meaning of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).   Doc. No. 13.

On July 6, 2021, the parties filed the above-styled Joint Motion for Approval of FLSA Settlement Agreement.   Doc. No. 14.   With the motion, the parties have included fully executed copies of Confidential Settlement Agreements ("Settlement Agreements") between the individual Plaintiffs and both Defendants.   Doc. No. 14-1.   The parties again state that Plaintiffs are receiving full compensation for their FLSA overtime claims, thus, according to the parties, the Settlement Agreements are facially reasonable.   Doc. No. 14, at 1.   The parties ask the Court to approve the Settlement Agreements and to dismiss the case with prejudice.   *Id.* at 7.[1]

The joint motion was referred to the undersigned for issuance of a report and recommendation, and the matter is ripe for review.

## II.   APPLICABLE LAW.

In *Lynn's Food*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back

---

[1] The day after the parties filed their motion for settlement approval, the undersigned ordered the parties to file a notice stating whether or not they had entered into any other agreement (oral or written) that had not yet been disclosed to the Court, and that was related in any way to the present case and contained any of the following provisions:   (1) a release extending beyond the FLSA claims in this case; (2) a confidentiality provision; or (3) a non-disparagement provision.   Doc. No. 15.   Later that day, the parties filed a joint notice stating that "no other agreements exist other than those previously filed and disclosed to this Court."   Doc. No. 16.

wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353.   A court may enter an order approving a settlement only if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353–55.   In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.

- The complexity, expense, and likely duration of the litigation.

- The state of the proceedings and the amount of discovery completed.

- The probability of plaintiff's success on the merits.

- The range of possible recovery.

- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).   The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food*, 679 F.2d at 1354.   However, courts have held that "[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." *Park v. Am. Servs. of Cent. Fla., Inc.*, No. 6:06-cv-882-Orl-22JGG, 2007 WL 430651, at *2 (M.D. Fla. Feb. 3, 2007) (citing *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

When a settlement agreement includes an amount for attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)

(per curiam).[2]   The parties may demonstrate the reasonableness of the attorneys' fees by either: (1) demonstrating the reasonableness of the proposed attorneys' fees using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorneys' fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim.   *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

**III.     ANALYSIS.**

> *A.      Whether Plaintiffs Have Compromised Their FLSA Claims.*

Under the terms of the Settlement Agreements, Defendants will pay Plaintiff Rosario a total of $7,764.00, allocated as follows:   (1) $2,264.00 payable to Plaintiff Rosario as compensation for her unpaid overtime wages; (2) $2,264.00 payable to Plaintiff Rosario as compensation for liquidated damages on her overtime claim; and (3) $3,236.00 to her counsel in attorney's fees and costs.   Doc. No. 14-1, at 2–3 ¶ 1.   Defendants will also pay Plaintiff Ortiz a total of $7,236.00, allocated as follows:   (1) $2,000.00 payable to Plaintiff Ortiz as compensation for his unpaid overtime wages; (2) $2,000.00 payable to Plaintiff Ortiz as compensation for liquidated damages on his overtime claim; and (3) $3,236.00 to his counsel in attorney's fees and costs.   Doc. No. 14-1, at 10–11 ¶ 1.

The parties settled this case before Plaintiffs provided the Court with any information about the value of their FLSA overtime claims.   However, in the joint motion, the parties state that after exchanging records and engaging in settlement discussions, they resolved this case by agreement with Plaintiffs to receive full relief on their FLSA claims.   Doc. No. 14, at 5–6.   The parties explain that the overtime allegedly worked included Plaintiffs taking home puppies requiring special

---

[2] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.   *See* 11th Cir. R. 36–2.

attention to avoid hospitalization or death, and thus, these hours were not reflected on Plaintiffs' respective timecards.  *Id.* at 4.   Because this work was performed "off-the-clock," and there are no specific records showing the hours Plaintiffs allegedly worked, Plaintiffs acknowledge that it may be difficult to prove entitlement to damages in this case.  *Id.* at 5.   In the Settlement Agreements, both Rosario and Ortiz represent and acknowledge "that the settlement proceeds . . . constitute payment in full for all of [his/her] claims under the [FLSA], including claims for overtime, liquidated damages and attorney's fees and costs and any state wage-related claims."   Doc. No. 14-1, at 2–3 ¶ 2, 10–12 ¶ 2.

Accepting the parties' representations that Plaintiffs will receive full monetary compensation, I recommend that the Court find that Plaintiffs have not compromised the monetary payment of their FLSA overtime claims within the meaning of *Lynn's Food*.  *See Gordon v. Demetrios LLC*, No. 6:19-cv-2050-Orl-78GJK, 2020 WL 7480726, at *2 (M.D. Fla. Apr. 7, 2020) (accepting as true for purposes of FLSA settlement approval the parties' representation that the plaintiff was receiving full compensation for his claims, without compromise), *report and recommendation adopted*, 2020 WL 7480716 (M.D. Fla. Apr. 22, 2020); *Haney v. Sch. Bd. of Union Cty.*, No. 3:16-cv-345-J-32MCR, 2017 WL 583383, at *2 (M.D. Fla. Jan. 24, 2017) (same), *report and recommendation adopted*, 2017 WL 564968 (M.D. Fla. Feb. 13, 2017).

B.      *Attorney's Fees and Costs.*

Pursuant to the Settlement Agreements, counsel for Plaintiffs will receive $6,472.00 in attorney's fees and costs, $3,236.00 for the settlement of each Plaintiff's claims.   Doc. No. 14-1, at 3, 10.   Because the parties agree that Plaintiffs will receive all of the compensation that they are due for their overtime claims, the amount of attorney's fees and costs to be paid under the settlement agreement could not have tainted the amount Plaintiffs agreed to accept to settle the case.

Accordingly, the Court need not scrutinize the settlement agreement further to consider whether the attorney's fees and costs to be paid are reasonable.   *See, e.g.*, *Caamal v. Shelter Mortg. Co.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013) ("[B]ecause Caamal will receive all of the FLSA compensation arguably due, the Court need not consider whether the attorney's fees paid under the settlement agreement are reasonable because they did not 'taint' the amount Caamal agreed to accept to settle the case.").

Moreover, I note that the parties represent that "[t]he amount set aside for attorneys' fees and costs was negotiated separately and without regard to the amount[s] paid" to Plaintiffs.   Doc. No. 14, at 6.   In the Settlement Agreements, both Plaintiffs also state that he or she is "specifically . . . aware of, and agrees to, the consideration to be paid to [his/her] attorneys for representing [his/her] interests in this matter."   Doc. No. 14-1, at 3, 10.   These representations provide further indication that the agreed-upon attorney's fees and costs do not undermine the fairness of the parties' agreement.   *See Bonetti*, 715 F. Supp. 2d at 1228.

C.       *Whether the Settlement is Fair and Reasonable.*

As noted above, according to the parties' representations, Plaintiffs are not compromising their FLSA overtime claims.   Courts have found that "[i]f judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case. . . ."   *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010) (quoting *Dees v. Hydradry*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010)).   However, courts have also determined that a non-cash concession by an employee, such as a confidentiality provision or a broad release clause, "affects both the 'fairness' and the 'full compensation' component of the settlement, and thus requires (and often precludes) a fairness finding, even when all monetary compensation owed is paid in full."   *See Jarvis v. City Elec. Supply Co*., No. 6:11-cv-

1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012) (quoting *Moreno*, 729 F. Supp. 2d at 1348), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).   It is therefore appropriate to consider whether the Settlement Agreements contain any non-cash concessions that would undermine the fairness of the parties' settlements.   *See also* Doc. No. 13.

Upon review, the Settlement Agreements do not contain broad general releases that would undermine the fairness of the parties' settlements.   Doc. No. 14-1.[3]   However, the Settlement Agreements both contain two provisions that merit discussion.

First, both Settlement Agreements contain confidentiality provisions.   *See* Doc. No. 14-1, at 4 ¶ 5, 11 ¶ 5.   The confidentiality provisions are essentially "irrelevant because once the settlement agreement was filed on the docket it became a public record."   *Rabb v. Whole Foods Mkt. Grp., Inc.*, No. 6:18-cv-300-Orl-40TBS, 2018 WL 3468714, at *3 (M.D. Fla. July 3, 2018), *report and recommendation adopted*, 2018 WL 3458300 (M.D. Fla. July 18, 2018).   *See also Holley v. Sebek Kirkman LLC*, No. 6:15-cv-1626-Orl-40GJK, 2016 WL 3247589, at *5 (M.D. Fla. May 26, 2016) (noting a confidentiality provision is "inherently unenforceable due to the public filing"), *report and recommendation adopted*, 2016 WL 3231232 (M.D. Fla. June 13, 2016). Moreover, a "confidentiality provision is unfair and otherwise violates the public policy underlying the FLSA."   *See Rabb*, 2018 WL 3468714, at *3, *report and recommendation adopted*, 2018 WL 3458300.

---

[3] I note that the definition of "Released Parties" in the Settlement Agreements extends to non-parties. This Court has previously questioned the propriety of releasing non-parties to an FLSA agreement.   *See Arguelles v. Noor Baig, Inc.*, No. 6:16-cv-2024-Orl-37TBS, Doc. No. 19 (M.D. Fla. Feb. 23, 2017). However, where the release is limited to the claims asserted in the complaint, the Court has allowed extension of such a release to non-parties to the agreement.   *See, e.g., Marte v. Gizmo Orlando, Inc.*, No. 6:18-cv-596-Orl-37KRS, 2018 WL 4610620, at *4 (M.D. Fla. May 31, 2018), *report and recommendation adopted*, 2018 WL 3084007 (M.D. Fla. June 22, 2018); *Realty, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 1791534, at *3 (M.D. Fla. Apr. 12, 2018), *report and recommendation adopted*, 2018 WL 1791535 (M.D. Fla. Apr. 16, 2018).   Accordingly, I recommend that the Court find that the definition of "Released Parties" does not undermine the fairness of the settlements in this case.

In their joint motion, the parties agree that "in light of this Court's Order requiring the Parties to submit their Agreements on the record for review, the Parties understand that the Parties' confidentiality provision contained in paragraph 5 of their Agreements shall be severed."   Doc. No. 14, at 6.   In light of this representation, and because confidentiality provisions violate the public policy underlying the FLSA, I will respectfully recommend that the Court sever the confidentiality provisions from the Settlement Agreements, pursuant to the severability clauses found in the Settlement Agreements.   *See* Doc. No. 14-1, at 5 ¶ 10, 12 ¶ 10.

Both Settlement Agreements also contain a "Waiver of Reinstatement and Neutral Reference" provision, which provides as follows:

> [Ortiz/Rosario] agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to Petland Orlando South, Inc.   [Ortiz/Rosario] further agrees that Petland Orlando South, Inc. shall not be under any obligation to employ or contract with [him/her] and that, should any application be made by [him/her], Petland Orlando South, Inc. shall not have any obligation to process that application or to hire [him/her] and that the failure to process the application or to hire [him/her] shall not constitute a violation of any local, state or federal law.   If any prospective employer contacts Petland Orlando South, Inc. regarding [Ortiz/Rosario], Petland Orlando South, Inc. shall give a neutral reference indicating only [Ortiz's/Rosario's] dates of employment, pay rate and position.

*See id.* at 4–5 ¶ 7, 11–12 ¶ 7.

No-hire provisions are generally disfavored and viewed as punishing the plaintiff for exercising his or her rights under the FLSA.   *See, e.g.*, *Owens v. SSRMI, LLC*, No. 5:16-cv-15-Oc-PGB-PRL, 2017 WL 2190646, at *3 (M.D. Fla. Apr. 28, 2017), *report and recommendation adopted*, 2017 WL 2172089 (M.D. Fla. May 17, 2017).   In some cases, such provisions are approved when the inclusion of the provision is inconsequential, or separate consideration is paid for the provision.   *See id.* (collecting authority).   Here, however, the parties have provided no explanation regarding the no-rehire provisions.   *See* Doc. No. 14.   Nor do the parties state that any

additional monetary consideration was given for the no-rehire provisions, although it is possible that the parties intended the neutral reference to provide such additional consideration.  *See id.*  Absent some explanation from the parties, I recommend the Court find the no-rehire provisions unenforceable.  *See Owens*, 2017 WL 2190646, at *3, *report and recommendation adopted*, 2017 WL 2172089 (no-rehire provision severed from FLSA agreement absent explanation from parties as to reasonableness of provision or separate consideration; even though there was a neutral reference provision, it was not clear whether that was intended to be separate consideration for the no-rehire provision).  Because the no-rehire provisions are unenforceable absent some further explanation from the parties, I recommend the Court sever the provisions from both Settlement Agreements (Doc. No. 14-1, at 4–5 ¶ 7, 11–12 ¶ 7) pursuant to the severability clauses.  *See* Doc. No. 14-1, at 5 ¶ 10, 12 ¶ 10.

IV.     **CONCLUSION.**

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part and DENY in part** the Joint Motion for Approval of FLSA Settlement Agreement (Doc. No. 14) as follows:

1. **SEVER** the confidentiality provisions (Doc. No. 14-1, at 4 ¶ 5, 11 ¶ 5) from the Settlement Agreements;

2. **SEVER** the no-rehire provisions (Doc. No. 14-1, at 4–5 ¶ 7, 11–12 ¶ 7) from the Settlement Agreements;

3. **FIND** that the Settlement Agreements (Doc. No. 14-1), as amended by the Court, are fair and reasonable;

4. **DISMISS** this case with prejudice; and thereafter

5. **DIRECT** the Clerk of Court to close the file.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 20, 2021.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record